UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMPANION PROPERTY AND ) | | |
| CASUALTY INSURANCE COMPANY, ) | | |
| ) | | |
| Plaintiff, ) | | CIVIL ACTION NO. |
| ) | | |
| VS. ) | | 3:14-CV-0752-G |
| ) | | |
| CHARLES M. OPHEIM, ET AL., ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff and counter-defendant Companion Property and Casualty Insurance Company for partial dismissal of the counterclaims of the defendant and counterclaimant Charles Opheim under Federal Rule of Civil Procedure 12(b)(6) (docket entry 14). For the reasons stated below, the plaintiff's motion for partial dismissal is granted.

I. BACKGROUND

The plaintiff, Companion Property and Casualty Insurance Company, sued the defendants, Charles Opheim, Kevin Dillingham and his businesses, Constructure, Inc. and KWD Investments, Inc., to resolve a dispute arising from an insurance policy.

*See* Plaintiff's Original Complaint for Declaratory Relief ("Complaint") ¶ 10 (docket entry 1). In 2008, Companion issued commercial general liability policies to defendants Kevin Dillingham and his business, Constructure, Inc., covering the period from July 10, 2008 through July 10, 2011. *See* Plaintiff/Counter-Defendant Companion Property & Casualty Insurance Company's Motion for Partial Dismissal of Charles Opheim's Counterclaims and Brief in Support ("Motion") at 2 (docket entry 14). In 2009, Constructure contracted with defendant Charles Opheim to renovate and add a second floor to Opheim's home. *See* Complaint ¶ 11. However, after the home's roof was removed, water entered the opening during a rainstorm and damaged the home. *Id.* ¶ 12.

As a result, Opheim and Constructure sued each other on their contract and submitted their dispute to arbitration, resulting in an award for Opheim of $168,828.00 in damages against Constructure and Dillingham, jointly and severally. *Id.* ¶¶ 14-16, 26. The arbitrator also awarded Opheim $36,500 in attorney fees against Constructure, Dillingham, and KWD Investments (an investment company owned by Dillingham), jointly and severally. *Id.* ¶ 26. After a court entered a final judgment on the arbitrator's award, see *id.* ¶ 29, Opheim submitted a copy of the arbitrator's award and the final judgment to Companion through a third-party. See *Id.* ¶ 31.

Companion brought this suit against Opheim, Dillingham, and Dillingham's businesses, Constructure and KWD Investments, seeking a declaration of the parties' rights and duties pursuant to the insurance policy it issued to Dillingham and Constructure. See *id.* ¶ 32. In his answer to Companion's complaint, Opheim asserted counterclaims for breach of contract, violations of two chapters of the Texas Insurance Code, and common law bad faith. *See* Defendant Charles Opheim's Original Answer to Plaintiff's Original Complaint and Counterclaim ("Opheim's Answer") ¶¶ 74-87 (docket entry 5). Companion now seeks to dismiss Opheim's claims for violations of the Texas Insurance Code and common law bad faith, but does not move against Opheim's breach of contract claim. *See* Motion at 7-15.

## II. ANALYSIS

### A. Rule 12(b)(6) Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(citations, quotation marks, and brackets omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678.  The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (*quoting* FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" his claims against the defendant "across the line from conceivable to plausible."  See *id.* at 679, 683.

### B.  Violations of the Texas Insurance Code

Opheim asserts that Companion violated Chapters 541.060, 542.055, 542.056, and 542.058 of the Texas Insurance Code by engaging in unfair settlement practices and violating prompt payment requirements.  *See* Opheim's Answer ¶¶ 77-84.  In general, a third-party claimant becomes a third-party judgment creditor when he obtains a judgment against an insured.  See *P.G. Bell Company v. U.S. Fidelity and Guarantee Company*, 853 S.W.2d 187, 189 (Tex. App.--Corpus Christi 1993, no pet.).  However, third parties lack standing to sue insurers for unfair claim settlement practices under the Texas Insurance Code due to the Texas Supreme Court's concern about creating conflicting duties for insurance companies between insureds and third parties.  See *Crown Life Insurance Company v. Casteel*, 22 S.W.3d 378, 384 (Tex. 2000) (citing *Allstate Insurance Company v. Watson*, 876 S.W. 2d 145 (Tex. 1994)) ("Allowing third parties [to insurance policies] a direct cause of action [against the insurer] . . . would create situations in which an insurer would be exposed to potential

- 5 -

liability by . . . conflicting duties."). Furthermore, Chapter 542 of the Texas Insurance Code defines a "claim" as a "first-party claim" that: "(A) is made by an insured or policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract; and (B) must be paid by the insurer directly to the insured or beneficiary." Texas Insurance Code § 542.051(2).

Opheim, as an unnamed party to the insurance policy and a third-party judgment creditor, lacks standing to sue Companion for unfair settlement practices under Texas Insurance Code § 541.060. Furthermore, Opheim is precluded from suing Companion under any section of Chapter 542 because he cannot bring a first-party claim under the policy. Lastly, even though Opheim presents some arguments against Companion's motion, he also states that he is not opposing Companion's motion to dismiss his Texas Insurance Code claims. *See* Defendant/Counter-Plaintiff Charles Opheim's Response to Plaintiff/Counter-Defendant's Motion for Partial Dismissal of Charles Opheim's Counterclaims ("Response") at 3 (docket entry 21). Therefore, Opheim's Texas Insurance Code counterclaims are dismissed.

### C. Common Law Bad Faith

"Texas law requires that an *insured* show that it is entitled to recover for a breach of the duty of good faith and fair dealing." *Crawford v. Guideone Mutual Insurance Company*, 420 F. Supp.2d 584, 599 (N.D. Tex. 2006) (emphasis in original) (citing *Hamburger v. State Farm Mutual Automobile Insurance Company*, 361 F.3d 875,

880 (5th Cir. 2004)).  Furthermore, Texas "has never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against the insured." *Texas Farmers Insurance Company v. Soriano*, 881 S.W.2d 312, 317 (Tex. 1994).

Here, Opheim is a third party under the insurance policy and is precluded from bringing a claim for breach of the duty of good faith and fair dealing against Companion.  Furthermore, Opheim also declines to defend against Companion's motion to dismiss his common law bad faith counterclaim.  *See* Response at 3.  Opheim's claim for common law bad faith against Companion is therefore dismissed.

### III.  CONCLUSION

For the reasons stated above, Companion's partial motion to dismiss Opheim's counterclaims is **GRANTED**.  As a result, Opheim's only surviving counterclaim is his claim for breach of contract.

**SO ORDERED**.

August 26, 2014.

_____
**A. JOE FISH**
**Senior United States District Judge**